## GEORGE F. BROWN v. NANCY L. BROWN ET AL.

JANUARY TERM, 1894.

*Equity.   Setting out of homestead and dower.   Probate court.*

After the probate court has appointed commissioners for the set-
ting out of homestead and dower the court of chancery will
not interfere upon the ground that the commissioners were
appointed without notice, and are unfit persons to act, and
that the homestead and dower cannot be severed without
great damage to the remaining premises.

Petition to restrain commissioners appointed by the pro-
bate court from setting out a homestead, and for a sale of
the premises.   Heard upon bill, answers and a master's re-
port at the March term, 1892, Rutland county.   TAFT,
chancellor, dismissed the bill with costs.   The orator ap-
peals.

George W. Brown left a will by which he bequeathed the
orator, his son, five dollars.   The orator presented a claim
against the estate of his father which was disallowed by the
commissioners, but upon which he finally recovered judg-
ment in the sum of about three thousand dollars, which was
the principal debt against the estate.   The widow, Nancy
L. Brown, waived the provisions made for her by the will,
and applied to the probate court for the appointment of com-
missioners to set out homestead and dower.   While these
commissioners were proceeding to act this suit was begun
and they were temporarily restrained.

The master found that the commissioners were appointed

without any notice to the orator; that one of them was so biased against the orator that he ought not to have been appointed and could not fairly act; that the homestead and dower could not be severed without great damage to the remaining premises, and that the homestead and one-half acre of land exceeded one thousand dollars in value.

*Geo. E. Lawrence* and *F. S. Platt* for the orator.

The probate court has jurisdiction under the statute, and should proceed. R. L., ss. 1908, 1909; *Palmer* v. *Palmer*, 50 Vt. 310; *Chaplin* v. *Sawyer*, 35 Vt. 286.

*Henry A. Harman, Butler & Moloney* and *J. C. Baker* for the defendants.

The court of chancery has no jurisdiction of these matters, which rest exclusively with the probate court. *Danforth* v. *Smith*, 23 Vt. 247, 258; *Merriam* v. *Hemenway*, 26 Vt. 565; *Boyden* v. *Ward*, 38 Vt. 633.

The power vested in the court of chancery under R. L., s. 1909, is discretionary.

START, J. The orator is a creditor of the estate of George W. Brown. Defendant Nancy L. Brown, widow of George W. Brown, made application to the probate court for the district of Fair Haven for the appointment of commissioners to set out her homestead and dower, and thereupon the court appointed the defendants, Francis A. Barrows, Thomas B. Clark and Gardner Parker, such commissioners. The commissioners entered upon the performance of the duties assigned to them and, while thus engaged, they were restrained from proceeding further by the injunction order in this case.

The probate court has jurisdiction of all matters reported by the special master, and power to grant such relief as the

orator is entitled to and, having taken jurisdiction, we see no occasion for the interference of the court of chancery. R. L., ss. 1898, 1914 and 2220.

*Decree affirmed and cause remanded.*